IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OKLAHOMA CITY WATER UTILITIES TRUST, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-07-259-F |
| SYSTEMS & SOFTWARE, INC., | ) ) ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is Defendant's Motion to Compel Mediation and Stay Proceedings, filed April 20, 2007 (doc. no. 19). The motion has been fully briefed by both parties and is at issue. Having fully considered the parties' submissions, the Court finds the motion should be denied.

Plaintiff brings this action to recover compensatory and punitive damages under numerous legal theories, including breach of contract, breach of warranty, negligence, fraud, prima facie tort, and violations of Oklahoma statutes regarding deceptive trade practices and consumer protection.[1] Plaintiff's claims arise from Defendant's successful bid on a project to replace Plaintiff's existing utility billing and customer information system. With its answer, Defendant has asserted counter-claims for breach of contract and breach of a duty of good faith and fair dealing. Following Plaintiff's reply to the counterclaims and before a scheduling conference, Defendant

---

[1] Plaintiff filed suit in state court, but Defendant timely removed the case to federal court pursuant to 28 U.S.C. § 1441. Diversity jurisdiction exists under 28 U.S.C. § 1332.

filed the present motion to enforce a contractual provision regarding dispute resolution that states as follows:

> In the event of a dispute under this Agreement (except any dispute involving confidentiality or infringement, in which case the non-breaching party is not barred from directly pursuing any legal remedy available to it, including litigation), [Defendant] and [Plaintiff] agree that they will work together in good faith in the following manner: first, to resolve the matter internally by discussions among the persons who are responsible for the particular issue; second, to resolve the matter internally by discussions among the executives of the parties; and third, if the first two methods are not successful, to attempt to resolve the dispute by means of mediation.  Except as otherwise stated in this Section XII, **any dispute, issue, conflict or controversy arising from, under or in relation to this Agreement which cannot otherwise be resolved by the parties shall be subject to mediation.**  The mediation shall occur at a location in the State of Oklahoma (or another mutually agreeable state) agreed to the parties.  The mediation shall be conducted by an impartial mediator who has experience with computer software contract disputes and who is acceptable to both parties.  **The parties shall engage in mediation in good faith and use commercially reasonable efforts to resolve their dispute via mediation.  If, after using such efforts, the parties have not resolved their dispute, either party may, at its option, resort to litigation.**  The mediation will commence upon 30 days' written notice of a demand for mediation or such other date agreed to by the parties.  If one party unilaterally refuses to commence mediation within said time frame, the other party shall no longer be bound to mediation and may, at its option, resort to litigation.  Each party shall be responsible for its own attorneys' fees and all costs of mediation shall be borne equally by both parties.

Def.'s Mot. Compel Mediation [Doc. 19, Ex. 1 at 16-17, § XII (emphasis added)]. Based on the highlighted text, Defendant claims it is entitled to an order requiring Plaintiff to proceed with mediation and staying the case until Plaintiff complies.  In opposition to this claim, Plaintiff presents arguments concerning the scope of the

contractual provision and various defenses to enforcement, including waiver, estoppel, prior breach, and fraudulent inducement.

Before reaching the merits of the parties' arguments, the Court must first address its authority to grant Defendant's request. Defendant cites no rule of procedure nor any statute that authorizes the relief sought. Defendant instead relies by analogy on cases involving arbitration agreements to argue Plaintiff should be held to its agreement to mediate the parties' dispute before proceeding with litigation. This analogy is misguided because the cited federal cases involve the Federal Arbitration Act, 9 U.S.C. §§ 1-16, which specifically authorizes a stay of litigation in favor of arbitration and a district court's entry of an order compelling arbitration. *See id.* §§ 3-4. Defendant does not, nor could it properly, invoke these federal statutes because Plaintiff did not agree to arbitration. *See Salt Lake Tribune Publ'g Co. v. Management Planning, Inc.*, 390 F.3d 684, 689-90 (10th Cir. 2004) (a contractual method of dispute resolution must "sufficiently resemble[] classic arbitration to fall within the purview of the FAA. Central to any conception of classic arbitration is that the disputants empowered a third party to render a decision settling their dispute") (internal citations omitted). For this same reason, Oklahoma's Uniform Arbitration Act, Okla. Stat. tit. 15, §§ 801-18, also does not apply. *See Ditto v. RE/MAX Preferred Properties, Inc.*, 861 P.2d 1000, 1001 & n.1 (Okla. Civ. App. 1993) (parties' agreement required binding "mediation" that was "indistinguishable from, and may be treated as, an agreement to arbitrate disputes" pursuant to Oklahoma arbitration statutes).

In essence, Defendant seeks specific performance of a part of a contract – in advance of considering other claims – by which the parties agreed to "work together in good faith . . . to attempt to resolve the dispute by means of mediation." *See* Def.'s Mot. Compel Mediation [Doc. 19, Ex. 1 at 16, § XII (first sentence)]. Defendant

3

provides no legal authority for this remedy or a preliminary adjudication of this issue. Defendant does not seek a judgment on the pleadings under Rule 12(c); in fact, Defendant asserts in its answer that the contract is unenforceable for various reasons, including impossibility or impracticability of performance. (Answer [Doc. 15] at 12-13.) Nor does Defendant request a summary judgment on this issue under Rule 56, even though it submits material outside the pleadings for consideration.[2] Thus the Court finds no legal basis for the relief sought by Defendant's motion.[3]

For these reasons alone, Defendant's Motion to Compel Mediation and Stay Proceedings is **DENIED**.

IT IS SO ORDERED this 19th day of September, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0259p001(pub).wpd

---

[2] If it did, the motion would be denied due to the existence of disputed factual issues, such as whether Defendant followed the three-step process mandated by the provision.

[3] At the risk of stating the obvious, the parties are free to engage in voluntary mediation on a mutually agreeable basis at any time. Typically, the distinguishing feature of mediation as an alternative dispute resolution device is its voluntary nature. The court's review of the joint status report in this case suggests that both parties may have good reason, on the basis of the potential cost of litigation and other considerations, to thoroughly explore the possibilities for early resolution of this case.